# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

RODNEY ROBINSON, Register No. 519490, )
a/k/a Shaheed Habeebullah, )
           )
           Plaintiff, )
           )
           v. )       No. 07-4216-CV-C-SOW
           )
LARRY CRAWFORD, Director, et al., )
           )
           Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Rodney Robinson, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are Missouri Department of Corrections personnel, Larry Crawford, Dave Dormire, Bill Galloway, Arthur Woods, Charlie Turner, Charlie Verdugo and John James.

Plaintiff states that after he requested to be placed in protective custody, he has been harassed and was refused protective custody and, instead, placed in administration segregation. Plaintiff complains he is being harassed for seeking protective custody, and was placed in administrative segregation because he will not sign enemy waivers to allow him to be returned to general population. Plaintiff seeks a temporary restraining order and a preliminary injunction.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds,

the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims should be dismissed. There is no liberty interest in assignment to any particular prison or unit of a prison. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). "[A] prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to . . . a transfer." Murphy v. Missouri Dept. of Corr., 769 F.2d 502, 503 (8th Cir. 1985). Further, transfers may be made for a variety of reasons and may be based on informed predictions of what would best serve institutional security or the safety and welfare of the inmate. Gomez v. Grossheim, 901 F.2d 686 (8th Cir. 1990) (citing Meachum v. Fano, 427 U.S. at 224). "[C]onstitutionally speaking, assignments are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations on their own weight." Moorman v. Thalacker, 83 F.3d at 973 (citing Vitek v. Jones, 445 U.S. 480 (1980); Sisneros v. Nix, 884 F. Supp. 1313, 1346 (S.D. Iowa 1995)). Plaintiff has alleged no constitutional violation. He remains in administrative segregation where he is safe until he can return to general population. A prison is not required to maintain a separate protective custody unit or to assign every inmate to one who wants to be there.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

ORDERED that plaintiff's motions for default judgment and for writ of habeas corpus ad testificandum are denied, without prejudice, as premature. [5, 6, 7] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motions for a temporary restraining order and preliminary injunction be denied. [1]

2

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 30th day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3